IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES EDWARD BASSHAM )
)
v. ) NO. 1:11-0013
)
REUBEN HODGE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# **R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered April 20, 2011 (Docket Entry No. 16), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 65) filed by Defendants Reuben Hodge, Gayle Ray, Donna White, Lester Lewis, and Carolyn Jordan. The plaintiff has filed a response (Docket Entry Nos. 109-11) and amended response (Docket Entry No. 117) in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted, and further recommends that the plaintiff's claims against Defendants Cherry Lindamood, Chastity Carper, and Jessica Garrett be dismissed.

# I. BACKGROUND

The plaintiff, proceeding pro se and in forma pauperis, is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex ("Morgan County"). He filed this action on March 1, 2011, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during the period of February - July, 2010, when he was confined at the South Central Correctional Center ("SCCC"). Named as defendants are: the TDOC; TDOC Assistant Commissioner Reuben Hodge; TDOC Commissioner Gayle Ray; TDOC Health Services Director Donna White; TDOC Clinical Services Director Lester Lewis; TDOC Liaison Carolyn Jordan; SCCC Warden Cherry Lindamood; SCCC Health Administrator Angela Steadman; SCCC nurse practitioner Jack Garrett; SCCC nurses Bridgett Lomax, Jane Harville, and Tiffany Lyles; SCCC Grievance Chairperson Jessica Garrett; SCCC Grievance Secretary Chastity Carper; and Corrections Corporation of America, Inc. ("CCA").[1]

The plaintiff asserts that on February 15, 2010, he fell at the SCCC and injured his left knee. He contends that over the course of approximately the next four months, he received only minimal treatment for the injury despite his complaints that his knee was numb and swollen. He asserts that although he was sent for an examination by an outside orthopedist on May 20, 2010, the orthopedist's recommendation that an MRI be taken of the plaintiff's knee was not followed by the SCCC medical staff prior to his transfer from the SCCC to Morgan County on July 1, 2010. The plaintiff contends that during this time period, he filed grievances about the lack of medical attention

---

[1] By Order entered August 8, 2011 (Docket Entry No. 95), the Court granted the plaintiff's motion to amend and to add TDOC and CCA as defendants to the action.

he was receiving and wrote letters to Defendants White, Lewis, Ray, and Steadman about the matter. He also alleges that his grievances about the lack of medical care were not processed in accordance with due process and that Defendants Lindamood and Hodge failed to remedy the matter when ruling on his grievance appeals. See Complaint (Docket Entry No. 1). The plaintiff contends that Defendants Steadman, Jack Garrett, Lomax, Harville, Lyles, Jordan, Ray, White, and Lewis violated his Eighth Amendment rights by acting with deliberate indifference to his need for adequate medical care. Id. at 9-10, ¶¶ 35-36. He contends that Defendants Hodge, Lindamood, Carper, and Jessica Garrett violated his Fourteenth Amendment due process rights by denying him the opportunity to be heard in the prison grievance process. Id. at 10, ¶ 37.

Defendants Lindamood, Steadman, Lomax, Harville, Lyles, Jessica Garrett, and Carper have filed a joint answer to the complaint. See Docket Entry No. 63. In lieu of an answer, Defendants Hodge, Ray, White, Lewis, and Jordan ("the TDOC Defendants") have filed the pending motion to dismiss.[2]

## II. MOTION TO DISMISS AND RESPONSE

The TDOC Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff fails to state a claim against them upon which relief can be granted. Defendants Ray, White, and Lewis argue that there is no basis for claims of individual liability against them under 42 U.S.C. § 1983 because there are no factual allegations that they had any personal involvement in the provision of medical care to the plaintiff. They contend that the

---

[2] Process for Defendant Jack Garrett was returned unexecuted. See Docket Entry No. 78. See also Order entered June 7, 2011 (Docket Entry No. 49).

3

plaintiff's claims against them are based solely upon the theory of respondeat superior because of their supervisory positions. Defendant Hodge argues that the plaintiff's Due Process complaints about the prison grievance proceedings fail to state a cognizable constitutional claim. Finally, Defendant Jordan contends that the plaintiff's allegation of an intra-prison transfer likewise fails to state a cognizable claim.

In response, the plaintiff contends that the letters he sent to Defendants Ray, White, and Lewis provided them with notice of the problems he was encountering obtaining medical care and that their failure to intervene after receiving the letters is sufficient to support personal liability claims against them. With respect to his claim against Defendant Hodge, the plaintiff asserts that TDOC policies create a right to certain procedures in the prison grievance proceedings and that Hodge also failed to act to ensure that the plaintiff received adequate medical care after receiving notice of the lack thereof through the grievances filed by the plaintiff. The plaintiff argues that his transfer from the SCCC was preceded by his placement in Involuntary Administrative Segregation ("IAS"), which he contends was a further act of retaliation against him because of his internal prison grievances. In addition to responding to the arguments made in the motion to dismiss, the plaintiff devotes several pages of his response to rebutting the joint answer filed by the other named defendants. See Docket Entry No. 110, at 4-6 ; Docket Entry No. 117, at 8-11.

### III. STANDARD OF REVIEW

The Defendants' motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint

liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

## III. CONCLUSIONS

A. Official Capacity Claims

The plaintiff names each of the Defendants in their official, as well as their individual, capacities. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Johns v. Bonnyman, 109 Fed. Appx. 19, 2004 WL 1791396 (6th Cir. Aug. 6, 2004). Accordingly, the official capacity claims against TDOC employees Ray, Hodge, White, Lewis, and Jordan are all essentially claims against the State of Tennessee. However, the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims. Graham, 473 U.S. at 169; Turker v. Ohio Dept. of Rehab. & Corr., 157 F.3d 453, 456 (6th Cir. 1998). Additionally, neither a State nor an official acting in his official capacity is a "person" for the purposes of a suit brought under Section 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992). Accordingly, the plaintiff's claims against Defendants Ray, Hodge, White, Lewis, and Jordan in their official capacities must be dismissed.

B. Defendants Ray, White, and Lewis

The individual liability claims against Defendants Ray, White, and Lewis should be dismissed. It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 absent

a showing that the defendant was personally involved in some manner in the unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Defendants' supervisory positions as administrators and their right to control employees cannot form the basis for a claim of individual liability against them because the theory of respondeat superior does not support a claim under Section 1983. Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hays v. Jefferson Cnty., 668 F.2d 869, 872 (6th Cir. 1982). To survive the motion to dismiss, the plaintiff must show that his complaint sets forth factual allegations that Defendants Ray, White, and Lewis personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee, supra; Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

The plaintiff does not allege that these three defendants were personally involved in treating him at the SCCC, and his claims against them are based solely upon the allegation that he sent them a "letter of inquiry" in which he complained about the lack of medical treatment he was receiving. He contends that the defendants failed to take action to assure he was receiving medical treatment in response to his letter and that such failure supports his Section 1983 claims against them.

The plaintiff's allegations fail to support a claim of liability against the defendants. Even if true, the allegations are not sufficient to establish a basis for personal liability under Section 1983. See Shehee supra; Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y. 1989). If grievances, complaints, or letters received by prison or state officials trigger a duty to investigate and can form

7

the basis for constitutional liability if the responding official does not overturn the underlying wrong complained about, then the named defendants would essentially become liable for the acts committed by other individuals. Such a scenario is nothing less than liability based on respondeat superior, which is not a basis for liability under 42 U.S.C. § 1983. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). See also Henry v. Pogats, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

C. Defendant Hodge

The only claim specifically alleged against Defendant Hodge in the complaint is that Hodge violated the plaintiff's Fourteenth Amendment Due Process rights because Hodge violated "the fundamental requirements of due process" by denying the plaintiff an "opportunity to be heard" in the prison grievance process. See Complaint (Docket Entry No. 1), at 10, ¶ 27. The plaintiff further argues in this response to the motion to dismiss that TDOC policies require that certain procedures be followed in processing prison grievances. See Docket Entry No. 110, at 2-3.

These plaintiff's arguments lack legal merit. Complaints about the quality of prison grievance procedures do not support a constitutional claim because there is no constitutional right to an effective, fair, or properly functioning prison grievance procedure and a prison inmate does not have a protected interest in prison grievance procedures. See Walker v. Michigan Dep't of Corr., 128 Fed. Appx. 441 (6th Cir. Apr. 1, 2005); Miller v. Haines, 156 F.3d 1231, 1998 WL

476247 (6th Cir. Aug. 3, 1998) (Table Decision); Spencer v. Moore, 638 F. Supp. 315 (E.D. Mo. 1986); Azeez v. DeRobertis, 568 F. Supp. 8 (N.D. Ill. 1982). Further, allegations that a prison official failed to follow an internal prison policy are not sufficient to support a constitutional claim. See Black v. Parke, 4 F.3rd 442, 448 (6th Cir. 1993); Barber v. City of Salem, Ohio, 953 F.2d 232, 240 (6th Cir. 1992).

Although in his complaint the plaintiff does not specifically assert a claim that Defendant Hodge violated the plaintiff's Eighth Amendment right to adequate medical care, the plaintiff nonetheless argues in his response to the motion to dismiss that Hodge should be deemed personally liable because he failed to investigate the claims contained in the plaintiff's grievances. This allegation is not sufficient to support an individual liability claim against Defendant Hodge for the same reason that dismissal of the claims against Ray, White, and Lewis is warranted. To the extent that the plaintiff relies on the case of McCann v. Couglin, 698 F.2d 112 (2nd Cir. 1983), to support such a claim, the Court declines to follow this holding in light of the clear authority from the Sixth Circuit to the contrary.

D. Defendant Jordan

Although the plaintiff does not specifically set out a claim against Defendant Jordan in the Statement of Legal Claims contained in his complaint, see Complaint (Docket Entry No. 1), at 9-10, he alleges in the body of his complaint that his transfer to Morgan County

> was authorized by Carolyn Jordan, in retaliation for Plaintiff's exercising of his First Amendment right to bring litigation; as well as his Eighth Amendment right to attempt to receive proper and adequate medical attention. Thus the plaintiff's transfer was a deliberate and willful violation of his substantive constitutional rights.

See Complaint, at 8, ¶ 30.

9

The plaintiff's allegations fail to state a constitutional claim against Jordan upon which relief can be granted and she should be dismissed from the action. First, it is factually impossible for the plaintiff's transfer from the SCCC to Morgan County to have been an act of retaliation for plaintiff's First Amendment activity of filing of the instant litigation because his transfer is alleged to have occurred on July 1, 2010, and this action was not filed until approximately eight months later on March 1, 2011.

Second, for any claim of retaliation, the plaintiff must show that he suffered a sufficiently serious adverse prison action that would deter a person of "ordinary firmness" from continuing to engage in protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). The mere transfer of an inmate between prisons does not satisfy this standard. As the United States Supreme Court in Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), noted, an inmate's transfer to the general population of another prison is an ordinary incident of prison life. See also Ward v. Dyke, 58 F.3d 271 (6th Cir. 1995) (prison inmates have no right to be confined at any particular prison). Further, the Sixth Circuit has routinely found that such a transfer does not constitute an adverse action for a retaliation claim. See King v. Zamiara, 150 Fed. Appx. 485, 2005 WL 2496478 (6th Cir. Oct. 7, 2005); Smith v. Yarrow, 78 Fed. Appx. 529, 543, 2003 WL 22400730 (6th Cir. Oct. 20, 2003); Friedmann v. Corrections Corp. of Am., 11 Fed. Appx. 467, 2001 WL 467990 (6th Cir. Apr. 26, 2001); Goddard v. Kentucky Dept. of Corrections, 2000 WL 191758, 205 F.3d 1340 (6th Cir. Feb.7, 2000); Goss v. Myers, 208 F.3d 213, 2000 WL 125905 (6th Cir. Jan. 28, 2000); Herron v. Campbell, 198 F.3d 245, 1999 WL 1045158 (6th Cir. Nov. 9, 1999); Mandela v. Campbell, 181 F.3d 102, 1999 WL 357825 (6th Cir. May 26, 1999).

Finally, the plaintiff asserts that his "substantive constitutional rights" were violated by his transfer to Morgan County. To the extent that the plaintiff is alleging a violation of his Fourteenth Amendment substantive due process rights, his allegations fall well short of setting out conduct that satisfies the demanding "shocks the conscience" standard for such a claim. See Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988).

E. Defendants Cherry Lindamood, Chastity Carper, and Jessica Garrett

28 U.S.C. § 1915(e)(2)(B) provides that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
. . .
    (B) the action or appeal -
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

The only claim brought against Defendants Lindamood, Carper, and Garrett is a claim that they violated the plaintiff's Fourteenth Amendment Due Process rights by denying him the right to be heard in the prison grievance proceedings and failing to follow grievance policies. See Complaint (Docket Entry No. 1), at 10, ¶ 37. As set out infra, such allegations fail to state a cognizable claim for relief under Section 1983. Accordingly, the claim against Defendants Lindamood, Carper, and Garrett warrants dismissal for failure to state a claim upon which relief can be granted and these defendants should be dismissed from the action.[3]

---

[3] Section 1915(e)(2)(B) specifically authorizes the Court to dismiss an action filed in forma pauperis "at any time" if the Court finds grounds for dismissal under that section. Nonetheless, this Report and Recommendation and the fourteen day period for objections to be filed by the plaintiff,

11

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 65) filed by Defendants Reuben Hodge, Gayle Ray, Donna White, Lester Lewis, and Carolyn Jordan be GRANTED and that these Defendants be DISMISSED from the action; and

2) the claims brought against Defendants Cherry Lindamood, Chastity Carper, and Jessica Garrett be DISMISSED for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), and that these Defendants be DISMISSED from the action.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

satisfies the procedural requirements for a sua sponte grant of dismissal under Rule 12(b)(6) for failure to state a claim. See Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984). See also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

[4] If this Report and Recommendation is adopted, the defendants remaining in the action will be Angela Steadman, Jack Garrett, Bridgett Lomax, Jane Harville, and Tiffany Lyles.