IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES EDWARD BASSHAM )
)
v. ) NO. 1:11-0013
)
REUBEN HODGE, et al. )

TO: Honorable Aleta A. Trauger, Jr., District Judge

# REPORT AND RECOMENDATION

By Order entered April 20, 2011 (Docket Entry No. 16), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment (Docket Entry No. 192) filed by Defendants Corrections Corporation of America ("CCA"), Tiffany Lyles, Bridget Lomax, Gay Harville, Angela Steadman, and Jack Garrett,[1] to which the plaintiff has filed a response in opposition. See Docket Entry Nos. 205-206 and 252-254. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] Although the motion for summary judgment was not initially filed on behalf of Defendant Jack Garrett, by Order entered August 21, 2012 (Docket Entry No. 245), the motion was deemed to have been filed on behalf of Defendant Garrett as well as the other five defendants.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex ("Morgan County"). He filed this action pro se and in forma pauperis on March 1, 2011, seeking damages and declaratory relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred when he was confined at the South Central Correctional Center ("SCCC") during the period of February to July, 2010.

The plaintiff asserts that, on February 15, 2010, he fell at the SCCC and injured his left knee. Although he was seen on that day by SCCC Nurse Tiffany Lyles, he contends that, although Lyles gave him a mild pain reliever, an analgesic balm, and a crutch, she failed to properly assess his injury and told him to sign up for sick-call if he continued to have pain in his knee. He contends that he returned to the medical clinic on February 18, 2010, because his knee was numb and swollen. He contends that the only treatment he was given was a mild pain reliever and an ace bandage, he was not examined by a doctor, and his request to have an x-ray or MRI was denied. See Complaint (Docket Entry No. 1), at 4-5. The plaintiff alleges that on March 11, 2010, he reported to the medical clinic for sick-call requesting to talk to the nurse practitioner because his medical order to have the crutch had been removed. The plaintiff contends that, on that day, he was admitted to the infirmary for observation but that he was not examined or treated during the twelve days he was kept in observation and that, on March 23, 2010, he was discharged upon the order of nurse practitioner Jack Garrett despite still having pain in his knee. He contends that, although he was still without a crutch, nurse Jane Harville ordered him to either walk to his housing unit or be sent to segregation for refusing a cell assignment. Id. at 5.

2

On April 6, 2010, the plaintiff was examined by a physician in the medical clinic who issued a Limited Activity Notice ("LAN") restricting the plaintiff's physical activity, ordering the plaintiff be placed in a bottom bunk, limiting his standing or walking to 20 minutes every hour, and ordering that he be provided with a cane for walking. Id. at 6 and 24. The plaintiff alleges that the cane was not provided to him for several weeks. On May 20, 2010, the plaintiff was taken for an examination by an outside orthopedic specialist. The plaintiff alleges that the specialist expressed concern over possible damage in the plaintiff's knee and ordered that an MRI be taken of the plaintiff's knee but that the MRI was never scheduled. Id. at 6. The plaintiff alleges that he was escorted to the medical clinic on June 24, 2010, and seen by nurse practitioner Garrett but that Garrett refused to acknowledge the plaintiff's complaints about continued pain and swelling in his knee or examine his knee and only discussed another medical issue with the plaintiff. Id. at 7. The plaintiff alleges that he was transferred from the SCCC to Morgan County on July 1, 2010.

The plaintiff contends that over the course of the four and a half months after his knee injury occurred, he received only minimal treatment for the injury despite his complaints that his knee was numb and swollen, that he was suffering pain, and that the crutch he had initially been given was taken from him despite his obvious need for it. He asserts that two months passed before he was examined by a doctor, that the doctor's order that the plaintiff be given a cane was not promptly followed, and that the orthopedist's order for an MRI was not followed. The plaintiff contends that he filed grievances and wrote letters to prison officials about the lack of medical attention he was receiving but that his care did not improve. The plaintiff contends that his Eighth Amendment rights have been violated because he was treated with deliberate indifference to his serious need for medical care. See Complaint, at at 9-10, ¶¶ 35-36.

3

The plaintiff named 15 defendants in his Complaint. However, by Orders entered October 27, 2011 (Docket Entry No. 152), and September 28, 2012 (Docket Entry No. 261), respectively, the Court dismissed nine of these defendants from the action.[2] The defendants remaining in the action are Corrections Corporation of America, Inc., SCCC Health Administrator Angela Steadman, SCCC nurse practitioner Jack Garrett, and SCCC nurses Bridgett Lomax, Jane Harville, and Tiffany Lyles.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

The Defendants contend that summary judgment is appropriate in their favor because the plaintiff cannot prove that he was treated with deliberate indifference with respect to his need for medical treatment. They assert that the plaintiff's medical records show that he was provided with a course of treatment during the four months following his injury on February 15, 2010, which included: pain medication, assistive devices such as crutches and a cane, limited activity orders, examinations, an x-ray, an ultrasound, and a referral to an outside specialist. The Defendants contend that this evidence rebuts any assertion that the plaintiff was treated with deliberate indifference and argue that the plaintiff's dissatisfaction with the treatment he received is not sufficient to support a constitutional claim under Section 1983. The Defendants support their motion with the declarations of Jack Garrett (Docket Entry No. 192-1), Tiffany Lyles (Docket Entry No. 192-2), Bridgett Lomas (Docket Entry No. 192-3), and Gay Harville (Docket Entry No. 192-4),

---

[2] The nine dismissed defendants are: the TDOC; TDOC Assistant Commissioner Reuben Hodge; TDOC Commissioner Gayle Ray; TDOC Health Services Director Donna White; TDOC Clinical Services Director Lester Lewis; TDOC Liaison Carolyn Jordan; SCCC Warden Cherry Lindamood; SCCC Grievance Chairperson Jessica Garrett; and SCCC Grievance Secretary Chastity Carper.

4

and with the affidavit of Angela Steadman and attached copies of the plaintiff's medical records (Docket Entry No. 192-5).

In response, the plaintiff contends that the pain medication he was given was not effective, that the order that he be given a cane was not promptly followed, that there were instances when Defendants Harville and Garrett ignored his complaints of pain in his knee, and that the outside specialist's order that an MRI be taken was not followed. He argues that this evidence shows inadequate treatment and deliberate indifference on the part of the Defendants. The plaintiff supports his response with his own affidavit (Docket Entry No. 254) and his own declarations (Docket Entry Nos. 205 and 252).

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the

5

light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. See Farmer v. Brennan, 511 U.S. 825, 84, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires that the plaintiff show that his medical needs were sufficiently serious. See Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992).

The subjective component requires proof that the defendants were deliberately indifferent to the serious medical needs. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Hunt, 974 F.2d at 735. Deliberate indifference is the reckless disregard of a substantial risk of serious harm. Farmer, 511 U.S. at 835–36; Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999) (en banc). See also Estelle, 429 U.S. at 105–06. Under the standard of deliberate indifference, complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. See Estelle, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); Comstock, 273 F.3d at 703; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). The plaintiff must show more than medical malpractice and negligence on the part of the

7

defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See Estelle, 429 U.S. at 105.

In the instant action, the Defendants do not challenge the seriousness of the plaintiff's medical needs related to his knee injury. Accordingly, for the purposes of analysis of the Defendants' motion, the Court presumes that the objective component of the plaintiff's constitutional claim has been satisfied. The question thus becomes whether there is sufficient evidence before the Court upon which a reasonable jury could conclude that one or more of the Defendants acted with deliberate indifference toward the plaintiff's serious medical needs such that constitutional liability can be imposed. After review of the evidence presented by the parties, the Court finds that summary judgment should be granted to the Defendants.

The plaintiff's undisputed medical records clearly show that he received a regular course of treatment for his knee injury and that he was not ignored. He was seen by medical care providers in the SCCF medical clinic on no less than 20 occasions from the time of his injury on February 15, 2010, to his transfer from the SCCF on July 1, 2010, and was also kept in the infirmary for observation for approximately 12 days. See Docket Entry No. 192-5, at 7-37. He was provided with pain and anti-inflammatory medications, an analgesic balm, assistive devices such as a crutch and a cane, an ACE bandage, and Limited Activity Notices. Id. and at 39-50 He was examined by physicians at the SCCF on April 6 and 27, 2010, and May 11 and 20, 2010, and was also seen by an outside orthopedist on May 20, 2010. Id. at 28-30, and 32-34. He had an x-ray of his knee taken on March 1, 2010, and an ultrasound of his knee performed on May 6, 2010. Id. at 10-11 and 29-31.

This evidence does not support a conclusion of deliberate indifference by the medical staff to the plaintiff's knee injury. Although the care the plaintiff received may not have been as prompt,

thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment," Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Bemer v. Correctional Med. Services, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012); and deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). There is also no evidence before the Court showing that the medical care provided to the plaintiff was so cursory as to amount to no treatment at all. See Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002).

In support of his opposition to summary judgment, the plaintiff points to several specific incidents involving his medical care that he argues support an Eighth Amendment claim.

The plaintiff contends that the SCCF staff did not follow the outside specialist's order of May 20, 2010, that an MRI be performed on his knee. The Defendants have provided evidence that a facility physician determined that the medical staff should "hold off an MRI for now." See Docket Entry No. 192-5, at 34.[3] See also Docket Entry No. 192-5, at 4, ¶ 16; Docket Entry No. 192-1, at 3, ¶ 15.[4] The plaintiff has not set forth evidence on this issue and, thus, the Court assumes the

---

[3] The Defendants' evidence on this issue consists of only the notation made in the plaintiff's written medical progress records and they have not provided an affidavit from the facility physician who made the notation.

[4] In their Statement of Undisputed Facts, the Defendants refer to the Declaration of Lyles and Garrett and the Affidavit of Steadman in support of their assertion that the facility physician determined that an MRI was not medically necessary. See Docket Entry No. 192-7, at 4, ¶ 20. While Defendant Steadman's affidavit and Defendant Garrett's declaration support that contention, see Docket Entry No. 192-5, at 4, and Docket Entry No. 192-1, at 3, ¶ 15, the Declaration of

9

Defendants' evidence to be true for the purposes of determining the motion for summary judgment. Accordingly, the plaintiff has merely shown a disagreement with the medical judgment about the necessity of the MRI. Such a disagreement will not support a constitutional claim. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. Berryman v. Rieger, 150 F.3d 561, 565 (6th Cir. 1998); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The plaintiff contends that Defendants Lomax, Garrett, and Lyles each provided him with Ibuprofen in response to his complaints about knee pain, to which he objected because the drug aggravates gastrointestinal ulcers from which he also suffers. See Plaintiff's Affidavit (Docket Entry No. 254), at ¶¶ 3-4. The plaintiff has not supported his affidavit statement with any medical evidence, and, at best, his contention shows merely a disagreement with the appropriateness of a particular medication used to treat him or negligence on the part of the defendants, neither of which is sufficient to support a constitutional claim. See Estelle, 429 U.S. at 107; Berryman, supra; Westlake, supra.

The plaintiff contends that the order by Dr. Stewart on April 6, 2010, that a cane be provided to the plaintiff was not promptly followed and he was not provided with a cane until May 24, 2010. See Docket Entry No. 254, at ¶ 6. The Defendants have not disputed this evidence. However, even if true, there is no evidence before the Court supporting a conclusion that any of the named defendants was responsible for the delay in providing the plaintiff with the cane or that the delay was due to anything other than negligence.

---

Defendant Lyles does not. See Docket Entry No. 192-2.

The plaintiff contends that he was placed in the SCCF medical clinic for observation not because of any actual need to observe him but as an attempt to thwart his efforts to obtain the names of medical care staff for a grievance he was filing. See Docket Entry No. 254, at ¶ 4. Contrary to the plaintiff's contention, the undisputed medical records indicate that he was observed multiple times a day and was provided with pain medication during this time period. See Docket Entry No. 192-5, at 12-27. Even if the plaintiff's contention that his placement in observation was motivated by something other than a medical decision, this evidence simply does not show deliberate indifference.

The plaintiff's final two contentions are that, on March 23, 2010, Defendant Harville denied the plaintiff a crutch upon his release from the medical infirmary, despite the plaintiff's request for a crutch and his complaint that he was in pain, and told him to either walk back to his housing compound or be given a disciplinary write-up for refusing a cell assignment, see Docket Entry No. 254, at ¶ 5, and that on June 24, 2010, the plaintiff was taken to the medical clinic to see Defendant Garrett but that Garrett refused to examine the plaintiff's knee or speak to the plaintiff about his knee despite the plaintiff's complaints of pain and swelling in his knee. Id, at ¶ 7. The Defendants have not specifically disputed these allegations in their affidavits. See Affidavit of Harville (Docket Entry No. 192-4) and Affidavit of Garrett (Docket Entry No. 192-1). The plaintiff's medical progress records contain entries for the two days in question, but the entries do not refer to the events alleged by the plaintiff.[5]

---

[5] On June 24, 2010, an entry was made which appears to be "seen in GERD chronic clinic." See Docket Entry No. 192-5, at 37. The medical progress records contain the time and date for an entry on March 23, 2010, but contains an entry that only says "IM." Id. at 28.

Accordingly, for the purposes of determining the motion for summary judgment, disputed issues of fact exist. The two incidents, when viewed in the light most favorable to the plaintiff, could support a conclusion that he was treated somewhat callously by Defendants Harville and Garrett. However, given the overall picture of the medical care that was provided to the plaintiff, this evidence does not rise to the level supporting a constitutional claim against either of these two defendants and, thus, the factual dispute does not rise to the level of a genuine issue of material fact.

Summary judgment should also be granted to Defendant CCA. First, as set out supra, the Court finds that there is insufficient evidence supporting a claim that the plaintiff's constitutional rights were violated. Accordingly, any claim against CCA based on a theory that CCA is liable for the underlying constitutional violations necessarily lacks merit. Second, even if an underlying constitutional claim against any individual defendant were supported by the evidence, the plaintiff has offered no evidence supporting a claim that CCA acted or failed to act in a manner that supports liability against it. Liability cannot be assessed under Section 1983 based on a theory of respondeat superior merely because CCA employs the named defendants. See Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (1996).

In addition to his claims under Section 1983, the plaintiff asserts a claim that his rights under the Tennessee Constitution were violated. Summary judgment should be granted on this claim because there is no cognizable private right of action for violations of the Tennessee Constitution. See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996), cert. denied, 519 U.S. 1008, 117 S.Ct. 510, 136 L.Ed.2d 400 (1996); Parker v. Henderson Cnty., Tennessee, 450 F.Supp.2d 842, 856 (W.D.Tenn. 2006); Bowden Bld'g Corp. v. Tennessee Real Estate Comm'n, 15 S.W.3d 434, 446 (Tenn.Ct.App. 1999); Lee v. Ladd, 834 S.W.2d 323, 324–25 (Tenn.Ct.App. 1992).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 192) filed by Defendants Corrections Corporation of America, Tiffany Lyles, Bridget Lomax, Gay Harville, Angela Steadman, and Jack Garrett be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge