UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD BASSHAM** | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 1:11-0013 |
| | ] | Judge Trauger |
| **REUBEN HODGE, et al.** | ] | |
| Defendants. | ] | |

### M E M O R A N D U M

On November 14, 2012, the Magistrate Judge issued a Report and Recommendation (Docket Entry No.268) in which she urges the Court to grant the remaining defendants' Motion for Summary Judgment (Docket Entry No.192).[1] The plaintiff has filed timely Objections (Docket Entry No.271), to which the defendants have submitted a Response (Docket Entry No.272). For the reasons stated below, the Court finds that plaintiff's Objections lack merit and should be overruled.

On February 15, 2010, the plaintiff slipped and fell on ice at the South Central Correctional Center. He was immediately taken to the clinic on a stretcher. At the clinic, the plaintiff complained of pain in his left knee and lower back. A nurse examined the

---

[1] The remaining defendants include Angela Steadman, Jack Garrett, Bridgett Lomax, Jane Harville, Tiffany Lyles and the Corrections Corporation of America.

1

plaintiff and found no deformity, redness or swelling in either area. He was given a crutch and medication for the pain and was told to return to the clinic for more treatment if the pain failed to subside.

The plaintiff's pain continued and his knee began to swell. Medical records show that, until being transferred to his present place of confinement on July 1, 2010, the plaintiff was seen by health care professionals at the clinic on several occasions. Because the plaintiff's knee injury did not improve, he alleges that the defendants failed to provide him with constitutionally adequate medical care.

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the medical records show that, for the five months after his injury, the plaintiff was seen by medical professionals in the SCCC clinic on numerous occasions. In fact, on one occasion, the plaintiff remained in the clinic for twelve (12) days of observation.

The plaintiff was examined by physicians at the facility on at least four occasions and was sent to an outside specialist (Dr. Hennessey) on another. He received pain and anti-inflammatory medications, was given an analgesic balm and assistive devices

2

(crutches, cane and ACE bandage), had an x-ray and ultrasound performed on his injured knee, and was issued limited activity notices. The plaintiff does not dispute these medical facts. Clearly, then, the plaintiff's medical condition was not ignored by the defendants.

This dispute, therefore, arises over the adequacy of the care provided the plaintiff. When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106.

The plaintiff believes that it was significant that the defendants refused to order an MRI for him. The records show, however, that the refusal to order an MRI was a medical decision and was not the result of a deliberate indifference to the plaintiff's serious medical condition. The defendants have provided medical evidence in support of their position whereas the plaintiff has offered none in opposition. Therefore, the Magistrate Judge correctly found that the plaintiff was not entitled to relief under 42 U.S.C. § 1983. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

The plaintiff has also alleged that the defendants' conduct

3

offended his rights as recognized under the Tennessee Constitution. There is no private cause of action, though, for violations of the Tennessee Constitution. Cline v. Rogers, 87 F.3d 176,179 (6th Cir.1996), *cert. denied,* 519 U.S. 1008 (1996). Thus, the Magistrate Judge was also correct in concluding that these claims should not survive.

Accordingly, the Report and Recommendation shall be adopted and approved in all respects.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

4